UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INEMO S. C., | Case No. 19-CV-2881 (PJS/LIB) |
| Petitioner, | |
| v. | ORDER |
| DEPARTMENT OF HOMELAND SECURITY, ICE FIELD OFFICE, CHIEF COUNSEL, ATTORNEY GENERAL, and SHERBURNE COUNTY SHERIFF, | |
| Respondents. | |

Nixon Ayeni, for petitioner.

Gregory G. Brooker, Ana H. Voss, and Ann M. Bildtsen, UNITED STATES ATTORNEY'S OFFICE, for respondents.

Petitioner Inemo S. C. has been in the custody of immigration officials since January 23, 2019. ECF No. 10 ¶ 15. He filed this habeas action on November 12, 2019, challenging the lawfulness of his continued detention. ECF No. 1. This matter is currently before the Court on Inemo's "emergency motion to stop deportation," ECF No. 15, which the Court construes as a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65. For the reasons that follow, Inemo's motion is denied.

I. BACKGROUND

Inemo is a citizen of Nigeria. ECF No. 10 ¶ 4. On July 11, 2019, an Immigration Judge found that Inemo last entered the United States on a temporary tourist visa and

failed to change or adjust his status after the expiration of the visa. ECF No. 10-2 at 31-54. The Immigration Judge ordered Inemo removed to Nigeria and denied his application for adjustment of status. *Id.* The Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's decision on December 20, 2019. *Id.* at 56-67. On January 16, 2020, Inemo filed a petition for review of the BIA's decision in the Eighth Circuit. *Id.* at 60. That petition remains pending.

On January 28, 2020, immigration officials obtained a travel document for Inemo and began arranging his removal to Nigeria. ECF No. 10 ¶ 22. On February 18, 2020, Inemo filed an emergency motion for a stay of removal in the Eighth Circuit, asking the court to enjoin the government from removing him until his petition for review had been decided.[1] ECF No. 10-2 at 62. The Eighth Circuit denied the motion on the following day. *Id.* at 64.

Immigration officials attempted to remove Inemo to Nigeria on February 25, 2020, but Inemo refused to be transported, citing health concerns and doubts about the authenticity of the travel document that had been obtained on his behalf. ECF No. 17

---

[1]Specifically, Inemo's emergency motion stated that "I have been assured by ICE that they will proceed to remove me to Nigeria . . . , even though I have an appeal pending with the Eight Circuit Court of appeals, unless a stay of removal is granted and issued to the ICE. I am asking this Court humbly to issue a stay of removal at least until the appeal is adjudicated." Emergency Motion at 1, *Inemo S.C. v. Barr*, No. 20-1110 (8th Cir. Feb. 18, 2020). The motion raised no additional arguments in support of Inemo's request for a stay.

at 4-5; ECF No. 21 ¶ 9. On March 9, 2020, Inemo filed an "emergency motion to stop deportation" in the habeas action pending before this Court. ECF No. 15. In support of his motion, Inemo argues that: (1) he has two applications currently pending with U.S. Citizenship and Immigration Service ("USCIS")—one for a U visa and one for benefits under the Family Unity Program,[2] (2) his family is living in the United States and will suffer hardship if he is deported, (3) there are problems with the travel document obtained on his behalf, and (4) immigration officials have "preemptively" denied him relief in violation of his right to due process. *Id*.; ECF No. 17. For the reasons that follow, the Court cannot grant relief on any of these grounds, and therefore denies Inemo's motion.

## II. ANALYSIS

The government argues that Inemo's motion for a preliminary injunction should be dismissed for lack of subject-matter jurisdiction. Pursuant to 8 U.S.C. § 1252, district courts are divested of jurisdiction over claims that directly or indirectly challenge removal orders. Under § 1252(a)(5), Inemo's "sole and exclusive means for judicial

---

[2] An applicant may be eligible for U-1 nonimmigrant status (and thus a U visa) notwithstanding a final removal order if, among other requirements, the applicant has been the victim of a qualifying crime in the United States and aids law enforcement in the investigation or prosecution of the crime. 8 C.F.R. § 214.14(b). An applicant may be eligible for benefits under the Family Unity Program if, among other requirements, the applicant entered the United States prior to December 1, 1988, has been continuously residing in the United States since that date, and is the spouse or unmarried child of a legalized alien. 8 C.F.R. § 245a.31.

review of an order of removal" is to file a "petition for review" with "an appropriate court of appeals."  *See Skurtu v. Mukasey*, 552 F.3d 651, 655 (8th Cir. 2008) ("The REAL ID Act places exclusive review of orders of removal with circuit courts." (citation and quotation marks omitted)).  Consistent with the "sole and exclusive" language of § 1252(a)(5), § 1252(g) provides that, except as otherwise provided by § 1252, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to . . . execute removal orders against any alien."

Inemo has asked this Court to issue a preliminary injunction enjoining immigration officials from removing him to Nigeria.  His request for relief and the arguments that he raises in support clearly "aris[e] from the decision" to execute his final order of removal.  *See Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) ("A claim that is 'connected directly and immediately' to a decision to execute a removal order arises from that decision." (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999))).  Under the plain language of § 1252(g), then, this Court lacks subject-matter jurisdiction to consider Inemo's claims.

That should be the end of the matter.  Alone among the circuits, however, the Eighth Circuit has recognized an exception to this jurisdictional bar for habeas claims

that raise "purely legal" issues.³ In *Jama v. Immigration and Naturalization Service*, the Eighth Circuit held that the district court properly exercised jurisdiction over a habeas petition seeking an order blocking the petitioner's removal to Somalia. 329 F.3d 630, 631 (8th Cir. 2003). The petitioner argued that the Attorney General erred in concluding that the relevant statute authorized the petitioner's return to Somalia without first establishing that the country would accept him. *Id.* Because this presented a "purely legal" question of statutory construction, the Eighth Circuit said, the issue was "simply outside the scope of the jurisdiction-stripping provision of § 1252(g)." *Id.* at 632; *see also Silva*, 866 F.3d at 941 ("*Jama* . . . essentially carved out an exception to § 1252(g) for habeas claims raising pure questions of law, in part due to concerns that a contrary rule would give rise to substantial constitutional questions.").

Most of Inemo's arguments in his motion for a preliminary injunction are not restricted to "purely legal" issues, and therefore the Court lacks jurisdiction to consider

---

³The government argues that *Jama*, decided in 2003, is no longer good law due to statutory changes enacted in 2005. The Court disagrees for the reasons explained in *Ali v. Sessions*, No. 17-CV-5334 (PJS/KMM), 2017 WL 6205789, at *4-5 (D. Minn. Dec. 7, 2017) (discussing the continued viability of *Jama* in light of *Silva v. United States*, 866 F.3d 938 (8th Cir. 2017)); *see also Lara-Saavedra v. Sessions*, No. 18-CV-2989 (MJD/LIB), 2019 WL 572656, at *2 (D. Minn. Feb. 12, 2019) (discussing exception to § 1252(g) for habeas claim raising "pure question of law" and not questioning the carve-out's continued viability); *Mohamed v. Sessions*, No. 18-CV-1750 (DSD/HB), 2018 WL 3574887, at *2 (D. Minn. July 25, 2018) (same); *Sheikh v. Sessions*, No. 17-CV-5330 (JNE/HB), 2017 WL 6033674, at *2 (D. Minn. Dec. 6, 2017) (same); *Ibrahim v. Sessions*, No. 17-CV-5333 (DSD/TNL), 2017 WL 6021314, at *2 (D. Minn. Dec. 5, 2017) (same).

them.[4]  The sole exception is Inemo's argument regarding his U-visa application.  Insofar as Inemo argues that it is *always* unlawful to remove an alien when the alien has such an application pending, the Court finds that Inemo has raised a "purely legal" question that this Court has jurisdiction to consider.  *See Nicholas L. L. v. Barr*, No. 19-CV-2543 (ECT/TNL), 2019 WL 4929795, at *5 (D. Minn. Oct. 7, 2019) ("Whether a T-visa applicant lawfully may be removed before a bona fide determination has been made seems to be a purely legal question.").

Turning to the merits of Inemo's argument:  The Court is not aware of any reason why a pending application for a U visa would limit the authority of the government to remove an alien who is subject to a valid removal order.  To the contrary, applicable regulations make clear that a pending U-visa application has no effect on the ability of the government to execute a valid removal order.  *See* 8 C.F.R. § 214.14(c)(1)(ii) ("The filing of a petition for U-1 nonimmigrant status has no effect on ICE's authority to execute a final order, although the alien may file a request for a stay of removal . . . .");

---

[4]For example, applicants for benefits under the Family Unity Program are protected from removal under certain circumstances, but not protected from removal under other circumstances.  *See* Pub L. No. 101-649, § 301(a), 101 Stat. 4978 (which is set out as a note in 8 U.S.C. § 1255a); 8 C.F.R. § 245a.34.  Determining whether and to what extent Inemo is protected from removal by virtue of a pending application for family-unity benefits is therefore not a "purely legal" question for purposes of *Jama*; instead, the determination would turn on multiple findings of fact.  In any event, even if the Court had jurisdiction to address the issue, the Court would decide it against Inemo, as Inemo's application for family-unity benefits was denied on March 12, 2020.  ECF No. 21-3.

*see also Ogamien v. U.S. Immigration & Customs Enf't*, No. 09-CV-1970 (JRT/FLN), 2009 WL 2366550, at * 3 (D. Minn. July 30, 2009) ("[R]emoval prior to adjudication of [petitioner's] U Visa application is specifically contemplated in the text of the [regulation]." (citing 8 C.F.R. § 214.14(c)(ii)). The Court therefore denies Inemo's motion for a preliminary injunction.[5]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT petitioner Inemo S. C.'s emergency motion to stop deportation [ECF No. 15] is DENIED.

Dated: April 7, 2020  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[5]Beginning on March 31, 2020, Inemo has filed a series of documents in which he argues that he should immediately be released from detention because he "suffers from reduce[d] lung and raspatory [sic] illness making him more susceptible to the current virus raging our country." ECF No. 28 at 2; *see also* ECF Nos. 26, 29, 30, & 31. But Inemo is a party to another pending lawsuit in which he and many other ICE detainees argue that they should be released from confinement because of the coronavirus pandemic. *See Siddiqi v. Immigrations & Customs Enf't*, No. 20-CV-0793 (NEB/ECW) (D. Minn. filed Mar. 24, 2020). Inemo and the other petitioners in *Siddiqi* are represented by appointed counsel. The Court will therefore take no action in response to Inemo's coronavirus-related filings in this action.