UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INEMO S. C., | Case No. 19-CV-2881 (PJS/LIB) |
| Petitioner, | |
| v. | ORDER |
| DEPARTMENT OF HOMELAND SECURITY, ICE FIELD OFFICE, CHIEF COUNSEL, ATTORNEY GENERAL, and SHERBURNE COUNTY SHERIFF, | |
| Respondents. | |

Nixon Ayeni, for petitioner.

Gregory G. Brooker, Ana H. Voss, and Ann M. Bildtsen, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Inemo S. C.'s objection to the May 11, 2020 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. ECF No. 34. Judge Brisbois recommends denying Inemo's petition for a writ of habeas corpus without prejudice. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Inemo's objection and adopts the R&R to the extent that it is consistent with this order.

Inemo challenges the reasonableness of his continued detention pending his removal from the United States. The length of time an alien may be detained after being ordered removed is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1)(A)

provides that "when an alien is ordered removed, the [Secretary of Homeland Security] shall remove the alien from the United States within a period of 90 days." As Judge Brisbois correctly explains, the removal period in Inemo's case commenced on December 20, 2019—the date that the Board of Immigration Appeals ("BIA") dismissed Inemo's appeal and the order to remove him became administratively final. *See* ECF No. 10-2 at 57–58. Inemo's argument that the removal period began on July 11, 2019 is without merit. *See* 8 U.S.C. § 1231(a)(1)(B)(i); *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011) (explaining that orders of removal are administratively final when affirmed by the BIA).

On February 25, 2020, after a travel document was obtained on Inemo's behalf, immigration officials attempted to remove Inemo to Nigeria. ECF No. 10-2 at 66. Inemo refused to cooperate, citing (among other things) purported concerns regarding the authenticity of the travel document. ECF No. 17 at 4–5; ECF No. 21 ¶ 9. Immigration officials issued a Notice of Failure to Comply pursuant to 8 C.F.R. § 241.4(g), informing Inemo that "[b]ecause you are . . . acting to prevent your removal from the United States . . . [t]he removal period is . . . extended in your case." ECF No. 10-2 at 66. *See* 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien . . . acts to prevent the alien's removal subject to an order of

removal."); *see also* 8 C.F.R. § 241.4(g)(1)(ii) (providing for a "reasonable period of time" to effect the alien's detention following an extension of the removal period under § 1231(a)(1)(C)).

Inemo's 90-day removal period under § 1231(a)(1)(A) was therefore extended pursuant to § 1231(a)(1)(C) based on Inemo's failure to cooperate with the government's attempt to remove him.  Inemo's arguments in this habeas action alleging that he has been detained beyond the time permitted by statute are therefore meritless.  *See Williams v. Sessions*, No. 18-CV-2633 (DSD/SER), 2019 WL 234350, at *4 (D. Minn. Jan. 16, 2019) ("When an alien refuses to cooperate in securing his removal, or actively thwarts the removal process, he can be detained for longer than the *Zadvydas* presumptively reasonable six-month period." (collecting cases)), *aff'd as modified sub nom.*, *Williams v. Barr*, 786 F. App'x 71 (8th Cir. 2019).

Even if the removal period were not extended pursuant to § 1231(a)(1)(C), Inemo's habeas petition would still be premature.  The reasonableness of an alien's period of pre-removal detention is evaluated "at the time the alien's § 2241 petition was filed."  *Ahmed v. Brott*, No. 14-CV-5000 (DSD/BRT), 2015 WL 1542131, at *3 n.2 (D. Minn. Mar. 17, 2015) (quotation marks and citation omitted) (collecting cases), *R&R adopted*, 2015 WL 1542155 (D. Minn. Apr. 7, 2015); *see also Bini v. Aljets*, 36 F. App'x 868, 869 (8th Cir. 2002) (finding that the district court correctly upheld reasonableness of

petitioner's pre-removal detention "because when the habeas petition was filed, the Immigration and Naturalization Service (INS) had not yet detained [petitioner] beyond the initial ninety-day removal period prescribed by 8 U.S.C. § 1231(a)(1)(A) . . . ."). Inemo filed his habeas petition on November 12, 2019—more than a month before the 90-day removal period under § 1231(a)(1)(A) even began. *See* ECF No. 1. This Court therefore agrees with Judge Brisbois that Inemo's habeas petition must be dismissed without prejudice as premature.

Inemo acknowledges that it is "preferable" for a petitioner to wait until his claim challenging the length of his pre-removal detention is ripe before filing his habeas petition, but argues that it is not "mandatory," and urges this Court to use its discretion to consider claims likely to become ripe during the pendency of the litigation. ECF No. 34 at 10. The cases Inemo cites in support, however, directly contradict this assertion. *See Martinez-Senan v. Tritten*, No. 17-CV-5080 (WMW/BRT), 2018 WL 1226110, at *1 (D. Minn. Mar. 9, 2018) ("Because Martinez-Senan's removal period commenced on November 3, 2017, his current detention remains 'presumptively reasonable.' The petition for a writ of habeas corpus at issue here, therefore, is premature." (internal citation omitted)); *Gael A. O. v. DHS/ICE Office of Chief Counsel*, No. 18-CV-3269 (WMW/TNL), 2019 WL 3325839, at *3–4 (D. Minn. May 13, 2019) ("A petition for habeas relief filed before the end of the six-month period is premature and must be

dismissed."), *R&R adopted*, 2019 WL 3322920 (D. Minn. July 24, 2019).  The Court is not aware of any authority supporting Inemo's claim that a district court may grant a habeas petition challenging the length of pre-removal detention when the petition was filed before the end of the 90-day removal period authorized by § 1231(a)(1)(A).

Finally, the Court notes that the government, Inemo, and the R&R all discuss the six-month detention period described by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  But *Zadvydas* did not announce a blanket rule that a six-month period of pre-removal detention is presumptively reasonable in every case.  Rather, *Zadvydas* addressed the extent of the government's authority to detain an alien pursuant to § 1231(a)(6).  Section 1231(a)(6), in turn, applies only to a certain subset of aliens—specifically, those who are inadmissible under 8 U.S.C. § 1182, those who are removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), and those who have been determined "to be a risk to the community or unlikely to comply with the order of removal."  Because there is insufficient evidence in the record to establish that Inemo is subject to § 1231(a)(6), the Court does not deny Inemo's § 2241 petition on the basis of *Zadvydas*.[1]

---

[1] Inemo was found removable under 8 U.S.C. § 1227(a)(1)(B).  *See* ECF No. 10-1 at 39; ECF No. 10-2 at 39.

As described above, however, Inemo's habeas petition is premature for several other reasons, and the Court agrees with Judge Brisbois that the petition should be denied without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 34] and ADOPTS the R&R [ECF No. 33] to the extent that it is consistent with this order. IT IS HEREBY ORDERED THAT Inemo S. C.'s petition for a writ of habeas corpus [ECF No. 1] is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 28, 2020	s/Patrick J. Schiltz
	Patrick J. Schiltz
	United States District Judge